**[J-71-2025]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| BALFOUR BEATTY COMMUNITIES, LLC AND AETC HOUSING, LP, | : | No. 69 EAP 2024 |
| | : | |
| | : | Appeal from the Order of the |
| Appellees | : | Superior Court at No. 149 EDM |
| | : | 2023 entered on October 26, 2023, |
| | : | denying the petition for permission |
| v. | : | to appeal the Order of the |
| | : | Philadelphia County Court of |
| | : | Common Pleas at No. 201000586, |
| PENN PATRIOT INSURANCE COMPANY, | : | entered on August 14, 2023. |
| | : | |
| Appellant | : | ARGUED:  September 11, 2025 |

**CONCURRING STATEMENT**

JUSTICE MUNDY                                                        FILED: December 19, 2025

I join the *per curiam* order dismissing the current appeal as improvidently granted. That does not mean, however, that an intermediate court's denial of a petition for permission to appeal an interlocutory order is unreviewable.  On the contrary, in my view, under the Judicial Code and our Rules of Appellate Procedure, this Court retains the authority to review such a decision.

Pursuant to Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b), if a trial court enters an interlocutory order which it is of the opinion "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order."  *Id.*  Whether or not a trial court certifies an interlocutory order pursuant to Section 702(b), our rules of appellate procedure permit a party to file a petition for permission to appeal with the appropriate appellate court.  *See* Pa.R.A.P. 1312.  If the trial court declined to so certify its interlocutory order, said petition

must include, *inter alia*, a statement setting forth "why the refusal of certification was an abuse of the trial court's or other government unit's discretion that is so egregious as to justify prerogative appellate correction." Pa.R.A.P. 1312(a)(5)(ii). As the rule indicates, the trial court's certification decision is not binding on the appellate court, and the appellate court retains discretion to permit appeal of the order to be taken notwithstanding the trial court's certification decision. *See* 42 Pa.C.S. § 702(b). Nothing in Section 702(b), however, indicates that the appellate court's discretion is absolute. This lack of absolute discretion is affirmed by the fact that if the appellate court denies a petition for permission to appeal, our appellate rules provide for a party seeking review of that denial to file a petition for allowance of appeal with this Court. *See* Pa.R.A.P. 1323. ("A party wishing to seek review of the denial in the Supreme Court must file a timely petition for allowance of appeal.").

Given this interplay between the Judicial Code and our Rules of Appellate Procedure, it is clear that this Court retains authority to review an appellate court's denial of a petition for permission to appeal an interlocutory order, whether or not the order was certified for immediate appeal by the trial court. Any other holding would be an abdication of our supervisory authority.[1] Our standard of review in such matters is the same as that

---

[1] Reliance on our King's Bench and extraordinary jurisdictions as a safety valve for review of intermediate courts' denial of petitions for permission to appeal, rather than the filing of a petition for allowance of appeal as permitted by Rule 1323, is misplaced. While our King's Bench and extraordinary jurisdictions are distinct, they both allow for the Court to exercise plenary jurisdiction. *Board of Revision of Taxes v. City of Philadelphia*, 4 A.3d 610, 620 (Pa. 2010). However, "[p]lenary jurisdiction is invoked sparingly and only in circumstances where the record clearly demonstrates the petitioners' rights[,]" but "even a clear showing that a petitioner is aggrieved does not assure that this Court will exercise its discretion to grant the requested relief." *Id.* (internal citations omitted). The exercise of plenary jurisdiction is not the proper avenue for litigants to seek this Court's review of a lower court's decision when our rules afford for the right to file a petition for allowance of appeal. An alternate holding would render this right illusory and create the absurd situation where litigants would have the right to file a petition for allowance of appeal for review of a lower court ruling that this Court has no authority to actually review.

of an appellate court reviewing a trial court's refusal to certify its order, *i.e.* why refusal to grant permission to appeal was an abuse of the appellate court's discretion "that is so egregious as to justify prerogative appellate correction."  Pa.R.A.P.  1312(a)(5)(ii); *see also Reese v. Pennsylvanians for Union Reform*, 169 A.3d 2 (Pa. 2016) (Saylor, C.J., dissenting) (citing former Pa.R.A.P. 1311 Note) (Asserting the controlling standard governing the Commonwealth Court's discretionary decision to deny certification of a non-final order for interlocutory appeal by permission requires an "assessment of whether such denial was so egregious as to justify prerogative appellate correction").

A review of the record in the present case indicates the Superior Court did not so egregiously abuse its discretion in denying Penn Patriot Insurance Company's petition for permission to appeal.  I therefore join the *per curiam* order dismissing the current appeal as improvidently granted.

Chief Justice Todd and Justice Wecht join this concurring statement.